The State ex rel. Stevens *v.* Marshall et al.

THE STATE *ex rel.* STEVENS *v.* MARSHALL *et al.*

PLEADING.—In an action upon an administrator's bond, where the complaint alleges the receipt by the administrator of a certain sum of money as assets of the estate, and his failure to apply the same as required by the law, and the defendant, in his answer, relies upon an alleged disposition and report thereof to the proper Court, according to law, the record of the proceedings of such Court in the premises should be made a part of the answer, such record being the foundation of the defence.

APPEAL from the *Jefferson* Common Pleas.

WORDEN, J.—Action by the appellant against the appellee, upon an administration bond.

The complaint shows that in *May*, 1855, *Robert Marshall* and *Robert M. Marshall*, were appointed administrators of the estate of *Joseph G. Marshall*, deceased, and with their sureties executed the bond in suit; that the deceased, in his life-time, made and delivered to one *Samuel C. Humphreys*, a certain promissory note, but died leaving the same unpaid; that after the death of the deceased, *Humphreys* filed the note in the office of the Clerk of the *Jefferson* Court of Common Pleas, as a claim against said estate, and such proceedings were afterwards had by said Court that said claim was allowed against said estate, to the amount of 404 dollars and 20 cents, which the administrators were ordered to pay; the claim was allowed in *May*, 1860, and afterwards, in *June* of the same year, *Humphreys*, for value, assigned the claim on the order book of said Court, to the relator, *Stevens*. The payment of the claim is negatived, and several matters are alleged by way of showing a breach of the condition of the bond, which need not be here noticed, except the following:

"Plaintiff also avers and charges that said administrators, as such, have had and held in their hands ready cash and personal assets belonging to the estate of the deceased,

amounting to not less than 5000 dollars, ever since the be-
ginning of the year 1857, and before that time, and that they
still have and hold the same, and that for all the time afore-
said they have kept, used and controlled the same for their
own use and benefit, and that they still hold and use the
same; and that they have wholly delayed and refused for all
that time, and still refuse and delay to pay the said money
and assets into this Court, or to pay it to the creditors of
said estate."

The defendants answered, "That the said *Robert Marshall*
and *Robert M. Marshall*, administrators, as mentioned in the
plaintiff's complaint, have fully administered on the personal
estate of said decedent and accounted to and settled with the
proper Court for the same, as will fully appear by the records
of the Common Pleas Court of *Jefferson* county, *Indiana*,
reference to which is now here made, all of which payments
were made on claims that were undisputed and allowed
against said estate, and while the claim of the plaintiff was
still pending and unallowed against said estate; that they,
the said administrators, have petitioned said Court for the
sale of the real estate of said decedent, and procured an or-
der and decree of said Court for the sale of said real estate,
which, if said real estate is sold for two-thirds of its ap-
praised value, would produce assets sufficient to meet the
plaintiff's claim and the other liabilities of said estate; that
they have offered said real estate, after having the same duly
advertised according to law, both at public and private sale,
but that they have not as yet, after using all diligence in the
premises, been able to procure a bid for the same; that the
real estate so offered for sale is as eligible property and would
sell as readily in the market as any real estate belonging to
said decedent."

To this answer the plaintiff demurred, but the demurrer

was overruled, and final judgment was rendered for the defendants.

In our opinion the Court erred in overruling the demurrer to the answer. We have seen that the complaint charges the administrators with having in their hands the sum of 5000 dollars, for which they fail to account, and which they fail and refuse to pay over to creditors. If this be so, the fact that they have procured an order for the sale of real estate which has not yet been sold, for want of purchasers, can be no defence to the action. The gist of the answer is that the administrators have fully administered upon the personal estate and accounted to and settled with the proper Court for the same, as will fully appear by the records, &c.

No copy or transcript of the records alluded to, is filed with the answer. This renders the answer clearly bad, as the accounting to and settlement with the proper Court, is the foundation of the defence. Without such settlement and accounting the facts stated do not constitute a defence. There is in the record before us, a copy of the record of a partial settlement by the administrators with the proper Court, but that, it is inferred from the place it occupies in the record, was filed by the plaintiff, and is not the one relied upon by the defendants. But if it be it does not help the answer any, as it shows that in *August*, 1857, the administrators filed an account charging themselves with 4479 dollars and 50 cents, and claiming credit for money paid out on claims, &c., in the sum of 3271 dollars and 39 cents, leaving a balance in their hands of 1208 dollars and 11 cents.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*S. C. Stevens*, for the appellant.

*J. Y. Allison* and *C. E. Walker*, for the appellees.